IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATALAYA BOGUSLAVASKAYA, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 09-6064 |
| | : | |
| v. | : | |
| | : | |
| OFFICER CHRISTOPHER O'NEILL, | : | |
| | : | |
| Defendant. | : | |

**Jones II, J.**                                                                  **June 30, 2010**

<u>**MEMORANDUM**</u>

This matter arises out of an incident which occurred on December 24, 2007, during which Defendant arrested Plaintiff for shoplifting in Warminster, Bucks County, Pennsylvania. Plaintiff brings claims for excessive force in violation of the 14th Amendment and 42 U.S.C. § 1983, as well as a state law claim for negligent operation of a police motor vehicle. Having carefully considered the arguments advanced by counsel, the Court will grant the Motion without prejudice for the reasons set forth below.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed her original Complaint on December 21, 2009 (Dkt. No. 1), alleging that pursuant to her arrest, she was "placed in a police vehicle by Defendant[.] She had handcuffs on and a seatbelt was not used. Defendant then operated the motor vehicle in a very rough fashion causing injuries to Plaintiff including visible injuries." Compl. ¶ 7. Plaintiff then asserted a federal claim for excessive force in violation of the 14th Amendment and 42 U.S.C. § 1983, as well as state law claims of simple assault, reckless endangerment and negligent operation of a

1

police motor vehicle. Compl. ¶ 6.

On January 20, 2010, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff had not pled sufficient action by Defendant that would subject him to liability and had improperly pled her substantive due process claim under the Fourteenth Amendment (Dkt. No. 4 ("Def. 1st Motion to Dismiss")). Defendant also argued that no private cause of action exists to enforce Pennsylvania criminal statutes, that punitive damages are not available against municipal entities and defendants in their official capacities as a matter of law, and that Defendant is entitled to qualified immunity.

In response, on February 5, 2010, Plaintiff filed his Amended Complaint (Dkt. No. 7), alleging as follows:

> On December 24, 2007, Defendant legally arrested the Plaintiff for shoplifting in Warminster, Bucks County, PA. The defendant handcuffed Plaintiff and placed her in a police vehicle. The Defendant did not seatbelt Plaintiff. The Defendant than drove Plaintiff in the police car. He operated the car very roughly and in a manner which he knew and or should have known was injuring the Plaintiff. He knew and or should have known that Plaintiff was being thrown about and was striking the car. He knew that Plaintiff was complaining and that Plaintiff was being injured and he ignored the complaints and continued to drive in the same manner. This included accelerating and deaccelearating suddenly and or turning suddenly.

Am. Compl. ¶ 4. Plaintiff's Amended Complaint withdrew her previous claims for simple assault and reckless endangerment but reiterated her federal claim for excessive force in violation of the 14th Amendment and 42 U.S.C. § 1983 and her state law claim of negligent operation of a police motor vehicle. Am. Compl. ¶¶ 10-16.

Defendant then filed a Motion to Dismiss Plaintiff's Amended Complaint on February 16, 2010 (Dkt. No. 8 ("Def. 2d Motion to Dismiss")), pressing the same arguments as in its previous Motion to Dismiss with regard to Plaintiff's remaining claims. Plaintiff responded on

March 5, 2010 (Dkt. No. 9 ("Pl. Opp.")). Plaintiff and Defendant subsequently filed supplemental briefs as requested by the Court on April 23, 2010 (Dkt. No. 11) and April 26, 2010 (Dkt. No. 12), respectively.

## II.  LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted).  After the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id. See also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) ("All civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation omitted).

## III.  DISCUSSION

After Plaintiff sought to plead her § 1983 claim under the 14th Amendment in her original Complaint, Defendant protested that the 14th Amendment does not provide a basis for claiming excessive force during the course of an arrest. *See* Def. 1st Motion to Dismiss at 5.  Plaintiff then

3

amended her Complaint to withdraw two of her state law claims and elaborate upon her factual pleadings as set forth above, but did not otherwise alter her pleadings with regard to her excessive force claim. Am. Compl. ¶¶ 10-12.[1] Defendant now seeks again to dismiss Plaintiff's Amended Complaint, arguing anew that Plaintiff's excessive force claim remains improperly pled. *See* Def. 2d Motion to Dismiss at 4. In response, Plaintiff merely concludes that "a cursory review of the Amended Complaint shows that it clearly asserts a claim against the defendant police officer that he violated Plaintiff's civil rights pursuant to 42 U.S.C. section 1983 by using excessive force;" Plaintiff does not address Defendant's contention that the 14th Amendment cannot sustain Plaintiff's excessive force claim. *See* Pl. Opp. at 3.

When facts suggest no excessive force outside an arrest, a claim under substantive due process is not facially plausible. *See McDonald v. Darby Borough*, No. 07-4588, 2008 WL 4461912, at *6 (E.D. Pa. Oct. 2, 2008) (indicating that "any Fourteenth Amendment claim alleging a violation of substantive due process rights must be dismissed"); *Zielinski v. City of Easton*, No. 09-2812, 2009 WL 3081617, at *4 (E.D. Pa. Sept. 24, 2009) ("To the extent [Plaintiff] has attempted to plead a Fourteenth Amendment claim . . . it will be dismissed. Excessive force claims are [not] actionable ... under the substantive due process clause"); *Rice v. District of Columbia*, No. 09-310, 2010 WL 2264961, at *5 (D.D.C. June 7, 2010) (dismissing 14th Amendment claim for violation of substantive due process); *Btesh v. Maitland*, No. 10-71-Orl-19DAB, 2010 WL 883642, at *4 (M.D. Fla. Mar. 5, 2010) (dismissing plaintiff's excessive

---

[1] In both her original and Amended Complaint, Plaintiff states that "Defendant under color of state law violated the constitutional rights of this Plaintiff under the 14th Amendment of the Constitution of the United States of America and 42 U.S.C.A. Section 1983 by using excessive force." Compl. § 13; Am. Compl. § 11.

force claims under the 14th Amendment); *Marotta v. Cortez*, No. 08-2421, 2009 5491622, at *6 (D. Colo. Nov. 3, 2009) (where plaintiff's claims arose in the context of an arrest and alleged use of force, the 14th Amendment does not apply); *McClelland v. City of Modesto*, No. 09-1031, 2009 WL 2941480, at *5-6 (E.D. Cal. Sept. 10, 2009) (plaintiff's claim arising in context of seizure, either as a detention during a search or as an arrest, was improperly pled under the 14th Amendment).[2]

Plaintiff was put on notice already as to this deficiency by Defendant's original Motion to Dismiss, yet failed to correct the error with her Amended Complaint such as to state a cognizable cause of action under § 1983.[3] In light of the foregoing, the Court is compelled to grant Defendant's Motion and to dismiss Plaintiff's Complaint.[4] An appropriate Order follows.

---

[2] *Cf. Lynn v. Schertzberg*, 169 Fed. App'x 666, 667 (3d Cir. 2006) (reversing dismissal of claim improperly pled under 14th Amendment where plaintiff referred to "unreasonable search and seizure" as well as cited to other appropriate constitutional provisions); *Gallagher v. Pa. Bureau of State Police*, No. 05-280E, at *5 (W.D. Pa. Jan. 16, 2007) (denying motion to dismiss where plaintiff pled § 1983 claims under other appropriate constitutional provisions in addition to the 14th Amendment); *Cramer v. Deem*, No. 07-0522, 2007 WL 2071882, at *3 (M.D. Pa. Jul. 19, 2007) (same).

[3] *See Ca. Public Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126,163 (3d Cir. 2004) (affirming district court's denial of leave to amend where plaintiffs "had already been given ample opportunity to state a cognizable cause of action and continuing to require defendants to defend the action, and to ultimately incur the effort and expense of a third motion to dismiss after two successful dismissal motions, would clearly constitute undue prejudice to the defendants" (citations omitted)).

[4] As the Court dismisses Plaintiff's federal claim for excessive force, it must dismiss her accompanying state law claims; supplemental jurisdiction may not be exercised by this Court absent the § 1983 claim. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-... the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that when federal causes of action are dismissed, federal courts should not separately entertain pendent state claims).